**G. F. SPEISER, O.D.,
Defendant–Appellant,**

v.

**Howard M. ADDIS, M.D., Candice L. Addis, Eldon L. Gerig, M.D., Camiel Mahank, M.D., Douglas J. Wilson, M.D., Plaintiffs–Appellees.**

No. 3–579A149.

Court of Appeals of Indiana,
Third District.

Oct. 15, 1980.

John D. Bodine, Bodine & Bodine, Mishawaka, for defendant–appellant.

Charles A. Sweeney, Jr., Sweeney, Butler & Simeri, South Bend, for plaintiffs–appellees.

HOFFMAN, Judge.

G. Frederick Speiser, O.D. appeals the decision of the St. Joseph Superior Court granting plaintiffs', Addis et al., complaint for ejectment and damages together with the denial of Speiser's counterclaim. Speiser raises the following three issues for review:

(1) whether the trial court erred in finding there was no offer to Speiser outstanding at the time of his purported acceptance;

(2) whether the trial court was in error in finding that Speiser was not entitled to reimbursement for improvements made by him to the leasehold; and

(3) whether the court erred in computing the rental payable from Speiser to Addis.

The record reveals that on February 29, 1966, Speiser entered into a written lease agreement for office space with Addis' predecessor in interest. The lease was to continue in effect until August 1, 1971 and was subject to a renewal for an additional five years. The lease was in fact renewed and did not expire until July 31, 1976.

Veach, the rental agent for Addis, sent a letter on September 5, 1975 to Speiser proposing a new lease agreement and asking for Speiser's prompt attention. There was no contact between Speiser and Veach until April 12, 1976 at which time Speiser telephoned Veach. During the telephone conversation Veach indicated to Speiser that he would have to have a higher rental than that proposed in the September 5, 1975 letter. Veach quoted Speiser a rate of $338 per month.

There was no further communication between Speiser and Veach until July 22, 1976. At that time Speiser endorsed his acceptance on the September 5th letter and mailed it to Veach. Immediately upon receipt of the letter, Veach informed Speiser that the acceptance was untimely and that the original offer had been withdrawn and a new offer substituted.

### ISSUE I

Speiser first contends that the court erred in determining that the September 5, 1975 offer was no longer outstanding at the time of his attempted acceptance. In so ruling the court found that the offer had lapsed after a reasonable time and, also, that the offer had been withdrawn by Veach.

It is well settled in contract law that when an offer is given, which by its terms does not have a specific time for termination, acceptance may be made during a reasonable time. 6 I.L.E. *Contracts* § 22; *Corbin on Contracts* § 36. What constitutes a reasonable time depends largely on the nature of the offer and the circumstances surrounding the transaction. 17 C.J.S. *Contracts* § 51. Reasonable time is a question of fact to be determined by the trier thereof. *Corbin, supra.*

When the finding on a question of fact is challenged on appeal as being contrary to law, an appellate court may neither weigh the evidence nor consider the credibility of witnesses, but may consider only the evidence most favorable to the judgment and all reasonable inferences to be drawn from that evidence. It is only where such evidence and inferences lead to but one conclusion and the trial court has reached a contrary conclusion that the judgment will be disturbed. *Orange–Co., Inc. v. Brown* (1979), Ind.App., 393 N.E.2d 192.

In the present case the offer which Speiser relied on was made on September 5, 1975. That letter requested Speiser's prompt attention to the matter as the owners of the building desired some commitments before making a major financial investment to correct heating, ventilating and air conditioning problems. Speiser, however, took no action on the matter for over nine months. Even in the face of Veach's April 12, 1976 indication that a higher rental would be needed, Speiser still took no action for over three months. When Speiser did attempt to accept the offer, he did so with only nine days remaining on his lease.

Speiser argues, however, that the offer did not lapse because the parties treated the offer as a continuing offer. His argument is based on various letters from Veach addressed "Dear Doctors and Tenants." These letters appear, however, to be form letters sent to all tenants of the building informing them of the heating and air conditioning situation.

Based on this evidence it cannot be said that the trial court erred in finding that the

offer had lapsed before Speiser's acceptance. It is therefore unnecessary to review the trial court's decision regarding withdrawal of the offer.

## ISSUE II

Speiser next argues that even if the September 5th offer had lapsed, he is entitled to reimbursement for improvements made by him to the leasehold. This contention is premised on the legal presumption that where, absent an agreement between parties, a tenant holds over there is a renewal of the lease on the same terms and subject to the same conditions as those contained in the original lease. *Myers v. Maris* (1975), 164 Ind.App. 34, 326 N.E.2d 577; 18 I.L.E. *Landlord and Tenant* § 106. In such situations, if the original lease was for a term in excess of one year, the new demise becomes a tenancy from year to year. *Burdick Tire, etc., Co. v. Heylmann* (1923), 79 Ind.App. 505, 138 N.E. 777. Speiser argues that he now has a year to year tenancy based on the same terms and conditions as the original lease including the provision entitling the tenant, with thirty days notice to the landlord, to make repairs to the leasehold and deduct the costs thereof from the lessee's rent.

■ While it is true that the law presumes a continuance of the tenancy, this presumption is rebuttable and does not prevail over proof of facts which are inconsistent with the presumption. *Lautman v. Miller* (1902), 158 Ind. 382, 63 N.E. 761. *See also* : 18 I.L.E. *Landlord and Tenant* § 106; 51C C.J.S. *Landlord & Tenant* § 73. Although no Indiana cases on point have been found, it has long been the law of other jurisdictions that the presumption may be rebutted by proof of a contrary intention on the part of the landlord alone, or of both parties, but not on the part of the tenant alone. *See, e. g., Bumiller v. Walker* (1917), 95 Ohio St. 344, 116 N.E. 797. *Weber v. Powers* (1904), 213 Ill. 370, 72 N.E. 1070.

■ After Speiser attempted to accept the offer of September 5th, Veach sent him a letter indicating that the offer was no longer acceptable and proposed new terms. As an alternative to these terms, Veach stated, "If you desire to continue occupancy of the suite on a month to month basis the monthly rental will be $371.70 as of August 1st, 1976." The evidence is clear that the landlord intended a month to month lease arrangement in the event that Speiser held over without signing a new lease.

■ In order to terminate a month to month tenancy, a landlord must give the tenant notice at least one month before the termination date. IC 1971, 32–7–1–3 (Burns Code Ed.). On April 30, 1977 a notice to terminate the month to month tenancy was received at Speiser's office. Shortly thereafter Speiser's attorney received a copy of the notice. The notice indicated that the tenancy would end on June 1, 1977. The improvements for which Speiser seeks reimbursement took place after Speiser received the notice of termination. These improvements, therefore, were made at Speiser's own risk and no reimbursement is required.

## ISSUE III

Speiser contends that the court erred in ordering him to pay rental of $371.70 per month during a stay of execution of the court's order of immediate possession. This argument, however, presumes that he is entitled to be reimbursed for improvements to the leasehold. In light of the determination of Issue II, this argument must fail.

■ Speiser also alleges that the court, in entering the judgment, failed to take into account a total of $600 in sanctions and costs previously assessed against Addis. This assertion, however, is not accompanied by an argument and is therefore waived. Ind. Rules of Procedure, Appellate Rule 8.3(A)(7).

No error having been found in the proceedings below, the decision of the trial court is affirmed.

Affirmed.

GARRARD, P. J., and STATON, J., concur.