**Ian HALLIDAY, Defendant-Appellant,**

v.

**AUBURN MOBILE HOMES,**
**Plaintiff-Appellee.**

No. 17A03–8609–CV–269.

Court of Appeals of Indiana,
Third District.

Aug. 26, 1987.

Gregory L. Fumarolo, Fort Wayne, John Martin Smith, Auburn, for defendant-appellant.

Donald J. Stuckey, Auburn, for plaintiff-appellee.

GARRARD, Presiding Judge.

Ian Halliday appeals the trial court's judgment for Auburn Mobile Homes ordering Halliday to vacate the West Edge Mobile Home Park. We affirm.

### Facts

In September 1985 Ian Halliday entered into a written lease agreement with Elsie Dickman who, with her husband Burtis, owned West Edge Mobile Home Park located in Auburn, Indiana.[1] At that time Halliday was provided with a pamphlet containing park rules and regulations which included a provision prohibiting dogs in the park. This rule was also posted in the park itself. Despite this rule, Halliday, his son and the family dog moved their double-width mobile home into West Edge Mobile Home Park.

In January 1986 Burtis Dickman discovered that Halliday was keeping a dog in his mobile home. On January 15, 1985 Dickman gave Halliday a ten-day written notice to quit and thirteen days later instituted an action for ejectment in small claims court. Halliday then filed a motion to dismiss which the trial court later denied. The trial judge found that Halliday had violated known park rules, acknowledged the difficulty of moving his mobile home, but ordered him to vacate West Edge Mobile Home Park. Halliday appeals.

He presents the following issues:
I. Whether a mobile home park owner or operator must provide a 30–day notice to quit to terminate a month-to-month tenancy.

---

**1.** Burtis Dickman filed the ejectment action below in the name of Auburn Mobile Home Park instead of West Edge Mobile Home Park.

II. Whether the trial court erred in denying Halliday's motion to dismiss.

III. Whether equity should preclude Halliday's ejectment.

■ At the outset, we note that no appellee's brief was filed in this case. When only the appellant files a brief on appeal, we may reverse the judgment below if the appellant makes a prima facie showing of reversible error. *State v. Schuetter* (1987), Ind.App., 503 N.E.2d 418; *In re Custody of McGuire* (1985), Ind.App., 487 N.E.2d 457. The purpose of this rule is not to benefit the appellant, but to relieve the court in proper circumstances of the task of converting the appellant's arguments and contentions, a burden which most appropriately rests upon the appellee. However, the court is vested with discretion to consider the appellant's contentions and decide the case on the merits even where the appellant has made the requisite showing of prima facie error. 3 Wiltrout, *Indiana Practice*, Section 2682 (1967). Where we can address the merits without the aid of an appellee's brief, we will do so. This is the case before us today.

■ Halliday initially argues that he was entitled to a thirty-day notice to quit pursuant to IC 32–7–1–3. From this he then reasons that he was given a defective notice with the consequence that the action was prematurely brought.

We disagree with his main premise. IC 32–7–1–3 provides in pertinent part:

"... and in all tenancies which, by agreement of the parties, express or implied, are from one period to another, of less than three (3) months' duration, a notice equal to the interval between such periods shall be sufficient."

In effect the statute provides that where a tenancy is month-to-month, it may be terminated at the option of a party (with or without cause) by the giving of one month's advance notice.

Halliday has, however, ignored a subsequent section of the statute. IC 32–7–1–7 provides:

"Where the landlord agrees with the tenant to rent the premises to him for a specified period of time, or *where the time for the determination of the tenancy is specified in the contract,* or where a tenant at will commits waste, or in the case of a tenant at sufferance; or where, by the express terms of the contract, the rent is to be paid in advance, and the tenant has entered, and refuses or neglects to pay the rent, and in any case where the relation of landlord and tenant does not exist, no notice to quit shall be necessary."

(our emphasis)

Here the parties had entered into a written lease which was introduced into evidence.

Under the terms of the express agreement of the parties Halliday agreed to leave the park upon request, without cause, upon the return to him of any "unearned money." More significantly, he agreed that he could be ejected from the park for violation of any of the rules or regulations of the park which were publicly posted within the park.[2] Thus, the lease expressly provided that his tenancy might be determined for violation of the posted rules.

Halliday does not dispute, and indeed the record clearly establishes, that he was furnished a copy of the park's rules prohibiting the keeping of dogs within the park, and that this rule was clearly posted within the park.

We therefore conclude that upon Halliday's violation of the posted rules and the resultant notice to quit, his tenancy was terminated. He was not entitled to one month's advance notice pursuant to IC 32–7–1–3. Therefore, the court did not err in refusing to enter judgment in favor of Halliday on that basis. *Scott v. Willis* (1889), 122 Ind. 1, 22 N.E. 786.

---

**2.** The statute applicable to mobile home parks, IC 13–1–7–34, similarly provides:

"The owner, operator, or caretaker of any mobile home park may eject any person from the premises for nonpayment of charges or fees for accommodations, for violations of law or disorderly conduct, for violation of any regulation of the state board relating to mobile home parks or for the violation of any rule of the park which is publicly posted within the park."

Halliday next contends the claim filed against him in county court was insufficient to state a claim pursuant to Small Claims Rule 2(B), which requires a brief statement of the nature of the claim. He asserts, therefore, that his motion to dismiss should have been granted. His argument, however, is misplaced.

The claim filed described the action as one for "back rent and eviction." We think this was sufficient to state *a* claim under the small claims rules.[3]

The variance between that statement and the proof offered at trial is what Halliday is actually complaining about. Yet no objection on that ground was made at trial, nor did Halliday request a continuance to enable him to meet surprise evidence. In fact, it appears that he was well aware of the true nature of the complaint. No error has been preserved on this question.

Finally, Halliday argues that equity should prevent his ejectment because of the trouble and expense of moving and the fact that he subsequently found another home for the dog.

It is sufficient answer to this argument to point out that he who would go to equity must do so with clean hands. *See, e.g., Briggs v. Clinton Co. Bank & Trust Co.* (1983), Ind.App., 452 N.E.2d 989.

Halliday was well aware of the rule against keeping dogs when he signed the lease and moved his mobile home into the park. He chose to deliberately violate the provisions of the rule and sought to keep that fact from the management of the park. Equity will not now aid him in avoiding the legal consequences of that action.

The judgment is affirmed. Costs taxed to appellant.

RATLIFF, C.J., and HOFFMAN, J., concur.

---

**3.** We agree with Halliday that a somewhat more detailed statement is desirable. Here a blank on the form, which was presumably available in the small claims court, was checked. There was space provided for additional matter, but it was not used.