David COATES, Appellant–
Defendant Below,

v.

Dean JAYE, Appellee–Plaintiff Below.

No. 56A03–9308–CV–281.

Court of Appeals of Indiana,
Third District.

April 28, 1994.

Rehearing Denied July 25, 1994.

Margaret A. Robinson, Hammond & Robinson, Merrillville, for appellant.

Donald W. Shelmon, Shelmon & Lakin, Rensselaer, for appellee.

STATON, Judge.

David Coates ("David") appeals the trial court's judgment in favor of Dean Jaye ("Jaye"). David raises four issues for our review which we consolidate into one and restate as follows: whether the trial court erred in determining that he and Vearn Coates breached the terms of their leases with Jaye.

We affirm and remand with instructions.

Dean Jaye owns approximately 315 acres of real property which he leases to farm tenants for agricultural purposes. On February 9, 1989, Jaye entered a three-year lease with David's father, Vearn Coates ("Vearn"), pursuant to which Vearn was to pay $20,000 for the first year's rental (1989 farming season), and $21,000 for each the second and third year's rental (1990 and 1991 farming seasons). Vearn made the agreed rental payments for the first two years of the lease.

In November 1990, a dike on the property broke, causing a portion of the real estate to be flooded. Because the flooding rendered some of the farm unusable, Vearn paid only $13,500 in rent for the third year of the lease.

In January 1992, Jaye entered a verbal lease with David pursuant to which David rented the same property for the 1992 farming season at a price of $21,000. Jaye and David also agreed that David would arrange to have the dike repaired at an expense not to exceed $4,000, and that David would receive a credit toward his total rental payment for the cost of the repairs. David expended the sum of $3,960 in repairing the dike, which was credited toward his rental payment. David ultimately paid only $5000 in rent for the 1992 farming season. Jaye brought an action against David and Vearn for the balance of the unpaid rent. Jaye prevailed at trial and David instituted this appeal.

▇▇▇ In entering judgment in favor of Jaye for the amount of the unpaid rent, interest and attorney's fees, the trial court entered special findings of fact *sua sponte*. Where the trial court enters special findings of fact, we must first determine whether the evidence supports the findings and second, whether the findings support the judgment. *Vanderburgh County Board of Commissioners v. Rittenhouse* (1991), Ind.App., 575 N.E.2d 663, 665, *trans. denied*. The judgment will be reversed only when clearly erroneous, i.e., when the judgment is unsupported by the findings of fact and conclusions entered on the findings. *DeHaan v. DeHaan* (1991), Ind.App., 572 N.E.2d 1315, 1320, *trans. denied*. To determine whether the findings or judgment are clearly erroneous, we consider only the evidence favorable to the judgment and all reasonable inferences flowing therefrom, and we will not reweigh the evidence or assess witness credibil-

ity. *Id.* Because the trial court entered special findings *sua sponte*, its findings control only as to the issues they cover, while a general judgment standard applies to any issue upon which the court has not found. *In re Marriage of Snemis* (1991), Ind.App., 575 N.E.2d 650, 652. We may affirm a general judgment on any theory supported by the evidence adduced at trial. *Id.*

The trial court entered the following relevant findings of fact:

> 6. That Vearn Coates did not comply with the terms as specifically set forth by the lease and is in default under the terms thereof.
>
> * * * * * *
>
> 8. That the terms of said lease are not vague or ambiguous.
>
> 9. That said lease further specifically provides that the Lessee (Vearn Coates) was responsible to maintain and repair the buildings, fences and drains on the real estate.
>
> * * * * * *
>
> 23. That Dean Jaye agreed that David Coates could expend a sum up to Four Thousand ($4,000.00) Dollars for repair to the drainage system and receive a credit toward the 1992 rent.
>
> 24. That David Coates expended the sum of Three Thousand Nine Hundred Sixty ($3,960.00) Dollars on repairs to which credit should be given to him.
>
> * * * * * *

Record, pp. 70–73.

▇▇▇ Coates argues the trial court erred in concluding that David and Vearn, rather than Jaye, breached the leases. He contends that Jaye had a duty to maintain and repair the rental property [1] and that Jaye's failure to do

---

1. Coates' theory as to the source of Jaye's duty to repair the dike is not entirely clear. At one point, Coates appears to contend that Jaye's acceptance of less than full payment for the 1991 and 1992 farming seasons was an acknowledgment of his responsibility for the maintenance and repair of the dike. However, Coates fails to cite any authority in support of this theory and has therefore waived it. *Baesler's Super–Valu v. Indiana Commissioner of Labor* (1986), Ind.App., 500 N.E.2d 243, 249.

Second, Coates relies on case law providing that a lessor breaches a lease where he commits an act which serves to deprive a lessee of the beneficial use of some part of the property. *See Lafayette Realty Corp. v. Vonnegut's, Inc.* (1984), Ind.App., 458 N.E.2d 689, 692. However, in the absence of an express provision to the contrary, a lessor is not bound to repair the leased premises. *Rene's Restaurant Corp. v. Fro–Du–Co Corp.* (1965), Ind.App., 210 N.E.2d 385, 387. *Cf. Quebe v. Davis* (1992), Ind.App., 586 N.E.2d 914,

so amounted to constructive eviction. Thus, Coates' rental obligation should be adjusted to account for the decrease in the rental value of the property.

 We consider Coates' argument to be without merit. The written lease between Jaye and Vearn stated that "Lessee agrees to repair, at his own expense, the improvements to all buildings, fences, and drains located within or upon the property." Record, p. 90. While we agree with Coates that this provision did not impose upon Vearn a duty to repair the dike,[2] we note that it also imposed no such duty on Jaye, the lessor. Where the terms of a contract are clear and unambiguous, we will not construe the contract or look at extrinsic evidence, but will apply the contractual provisions. *Jackson v. DeFabis* (1990), Ind.App., 553 N.E.2d 1212, 1215. We also will not add terms that were not agreed upon by the parties. *Fetz v. Phillips* (1992), Ind.App., 591 N.E.2d 644, 647. Because the plain language of the written lease imposed on neither party the duty to repair the dike, Vearn was not relieved of his obligation to pay the amount of rent as provided in the lease.

As for the lease between David and Jaye, the parties do not dispute that at the time they entered their verbal lease for the 1992 farming season, they also agreed that Jaye would incur expenses up to $4,000 for repairing the dike. In light of this additional term in their lease, the trial court correctly concluded that David's rental obligation for the 1992 farming season should be credited for the $3,960 expended in getting the dike repaired.[3] Because no flooding occurred after Jaye assumed responsibility for repairing the dike, David's claim of constructive eviction must fail. David breached his verbal lease with Jaye when he failed to pay the rent provided therein, less $3,960. The trial court's findings and judgment in favor of Jaye were not clearly erroneous.

Finally, we note that, due to an apparent typographical error, the trial court's damage award is inconsistent with some of its findings. After determining that David's verbal lease was for $21,000, that he had paid $5,000, and that he was entitled to a credit of $3,960 for the cost of repairing the dike, the trial court stated that $13,040 was still owed. Inasmuch as $21,000 minus $5,000 minus $3,960 equals $12,040, we remand this cause and order the trial court to correct the damage award accordingly.

Affirmed and remanded with instructions.

GARRARD and RILEY, JJ., concur.

---

918 (landlord's duty to replace roof was derived from his promise in the lease to repair and restore what has been damaged or destroyed by fire or other cause); *Lafayette, supra* (lease provided that lessor would make all capital replacements of or to the heating plant).

2. We reject Jaye's argument that the term "drains" in the lease agreement also encompasses "dikes". The experts at trial generally agreed that a drain and a dike are two different structures.

3. David argues his rental obligation also should have been credited for the value of his contribution in repairing the dike; namely, the value of manual labor and the use of a dozer and chain saw. We do not agree. The evidence does not indicate that Coates and Jaye's agreement included any meeting of the minds with respect to these items. We will not add terms to a contract that were not agreed upon by the parties. *Fetz, supra.*