**Carlos and Renee BARBER, Appellants–Defendants,**

v.

**ECHO LAKE MOBILE HOME COM., Appellee–Plaintiff.**

No. 55A04–0009–CV–410.

Court of Appeals of Indiana.

Dec. 5, 2001.

---

Steven C. Litz, Monrovia, IN, Attorney for Appellants.

C. Duane O'Neal, Jeffrey P. Ayres, Lewis & Kappes, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SHARPNACK, Chief Judge.

Carlos and Renee Barber appeal the trial court's judgment in favor of Echo Lake Manufactured Housing Community ("Echo Lake").[1] The Barbers raise one

---

1. The pleadings refer to Echo Lake as "Echo Lake Mobile Home Community." However, Echo Lake claims in its Appellee's Brief that its legal name is "Echo Lake Manufactured Housing Community." Consequently, we refer to Echo Lake by the name it alleges is correct. *See Halliday v. Auburn Mobile*

issue, which we restate as whether the trial court's judgment was clearly erroneous because Echo Lake could only terminate the Barbers' month-to-month lease for one of the four reasons provided in Ind.Code § 16–41–27–30.[2] We affirm.

The facts most favorable to the trial court's judgment follow. Echo Lake is a manufactured housing community where tenants rent a lot on which they may place a manufactured house owned by the tenants. The Barbers have rented a lot at Echo Lake since 1993. The Barbers and Echo Lake did not enter into a written contractual lease agreement. Rather, they had a verbal agreement that established monthly rent and cable fees.

On July 6, 2000, Echo Lake filed a claim to evict the Barbers because the Barbers had not vacated the lot after being given thirty days notice. After holding a hearing, the trial court entered judgment in favor of Echo Lake. The Barbers moved for a stay of judgment pending appeal, which the trial court granted.

The sole issue on appeal is whether the trial court's judgment was clearly erroneous because Echo Lake could only terminate the Barbers' month-to-month lease for one of the four reasons provided in Ind.Code § 16–41–27–30. Because this case was tried by the court without a jury, we "shall not set aside the ... judgment unless clearly erroneous." Ind. Trial Rule 52(A). A judgment is clearly erroneous if the record leaves us with a firm conviction that a mistake has been made. *Mullis v. Brennan*, 716 N.E.2d 58, 62 (Ind.Ct.App.

1999). Because the trial court did not enter any specific findings of fact, we may affirm the general judgment based upon any theory supported by the evidence. *Coates v. Jaye*, 633 N.E.2d 334, 336 (Ind. Ct.App.1994), *reh'g denied, trans. denied.*

We presume that the trial court correctly applied the law. *Perdue Farms, Inc. v. Pryor*, 683 N.E.2d 239, 240 (Ind. 1997). In addition, we must give due regard to the trial court's opportunity to judge the credibility of the witnesses. T.R. 52(A). We may not reweigh the evidence, and we may consider only the evidence and reasonable inferences therefrom that support the trial court's judgment. *Robinson v. Valladares*, 738 N.E.2d 278, 281 (Ind.Ct.App.2000). "This deferential standard of review is particularly important in small claims actions, where trials are informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law." *Id.*

The Barbers did not have a written lease. Instead, they had a verbal agreement that established monthly rental and cable fees. Indiana law defines all general tenancies, in which the premises are occupied by the consent of the landlord, as month-to-month tenancies. Ind.Code § 32–7–1–2. A month-to-month tenancy may be terminated by one party giving one-month notice to the other party. Ind. Code § 32–7–1–3. This court has previously noted that tenancies controlled by Ind.Code § 32–7–1–3 may be terminated without cause. *Halliday v. Auburn Mo-*

---

*Homes*, 511 N.E.2d 1086, 1087 n. 1 (Ind.Ct. App.1987).

**2.** Ind.Code § 16–41–27–30 provides:

The owner, operator, or caretaker of a mobile home park may eject a person from the premises for any of the following reasons:

(1) Nonpayment of charges or fees for accommodations.

(2) Violation of law or disorderly conduct.

(3) Violation of a rule of the state department relating to mobile home parks.

(4) Violation of a rule of the park that is publicly posted within the park.

*bile Homes,* 511 N.E.2d 1086, 1087 n. 1 (Ind.Ct.App.1987). Here, the parties do not dispute that Echo Lake gave the Barbers one-month notice. Consequently, the lease was properly terminated by Echo Lake. *See Speiser v. Addis,* 411 N.E.2d 439, 441 (Ind.Ct.App.1980) (holding that landlord gave sufficient notice under Ind. Code § 32–7–1–3 to terminate a month-to-month tenancy).

Nevertheless, the Barbers argue that, rather than following the preceding argument, the trial court should have relied upon Ind.Code § 16–41–27–30 and should have held that the Barbers' month-to-month tenancy was improperly terminated without cause. Specifically, the Barbers claim that Ind.Code § 32–7–1–3, which provides for termination of tenancies without cause, conflicts with Ind.Code § 16–41–27–30, which provides four reasons why a mobile home park may "eject a person from the premises." Because of this alleged conflict, the Barbers claim that Ind. Code § 16–41–27–30 should control because that statute is more specific and was more recently enacted.

■■■ To determine whether Ind.Code § 16–41–27–30 should have controlled the outcome here, we must rely on our rules of statutory construction. Our primary objective when interpreting the meaning of a statute is to give effect to the intent of the legislature that enacted the statute. *Guzman v. AAA Auto Rental,* 654 N.E.2d 838, 840 (Ind.Ct.App.1995). The express language of the statute controls our interpretation, and we presume that the legislature used words in their common and ordinary meaning. *In re E.I.,* 653 N.E.2d 503, 507 (Ind.Ct.App.1995); *Ind. Patient's Comp. Fund v. Anderson,* 661 N.E.2d 907, 909 (Ind.Ct.App.1996), *trans. denied.* We examine the statute as a whole, and the legislative intent ascertained from the whole takes precedence over the strict

meaning of any word. *Ind. Patient's Comp. Fund,* 661 N.E.2d at 909. When possible, we must give effect to every word of the statute, and "no part is to be held meaningless if it can be reconciled with the rest of the statute." *Guzman,* 654 N.E.2d at 840. As we attempt to give effect to the intent of the legislature, we must construe the statute to prevent absurdity. *In re E.I.,* 653 N.E.2d at 507. In addition, unless an ambiguity exists, we may not substitute new words for those words provided in the statute. *Sightes v. Barker,* 684 N.E.2d 224, 227 (Ind.Ct.App.1997), *trans. denied.* We employ these rules of statutory construction to determine whether Ind. Code § 16–41–27–30 should have controlled the outcome here.

■■ First, the 1955 Act that originally codified what is now Ind.Code § 16–41–27–30 provided that the Act was "to provide for health, sanitation and safety standards for persons occupying mobile homes." 1955 Ind. Acts c. 321. In addition, when that chapter of the Indiana Code was recodified in 1993, the legislature placed the statute at Ind.Code § 16–41–27–30. Title Sixteen of the Indiana Code contains statutory provisions dealing with "Health" issues, and Indiana Code 16–41–27 is entitled "Health, Sanitation, and Safety: Mobile Homes." Consequently, based upon the title of the Act and the location of the statute in the Indiana Code, the legislature's intent was to provide mobile home parks or their employees with a statutory ground upon which to remove a person from the premises and, thereby, increase the safety and security of the park.

Ind.Code § 32–7–1–3, on the other hand, provides information about how much notice must be given to terminate year-to-year or month-to-month tenancies. *See* I.C. 32–7–1–3. Title Thirty-two of the Indiana Code contains statutory provisions

dealing with "Property" issues, and Indiana Code 32–7–1 is entitled "Landlord Tenant Relations." If the legislature had meant for Ind.Code § 16–41–27–30 to modify the reasons for which a mobile home landlord could terminate a month-to-month tenancy under Ind.Code § 32–7–1–3, then logic suggests that the legislature would have either placed the new statute in Indiana Code 32–7–1 or referenced Ind. Code § 32–7–1–3 in the new statute. However, the legislature did not do either of those.

Furthermore, Ind.Code § 16–41–27–30 specifically provides four reasons why an "owner, operator, or caretaker of a mobile home park may eject a person from the premises...." If the legislature had intended to decree that a mobile home landlord could only terminate a tenant for cause and, further, had enacted Ind.Code § 16–41–27–30 to provide an exhaustive list of reasons that constituted justifiable cause for termination, then the legislature would surely have drafted the code section to provide just that. For example, the statute could have been written to provide that "an owner or operator of a mobile home park may only evict a tenant from the premises for the following four reasons." However, as this type of language was not used, we will not read such a broad intent into the statute. *See, e.g., Guzman,* 654 N.E.2d at 840–841 (refusing to read a term broadly because it would render other terms of the statute meaningless). Consequently, we disagree with the Barbers' assertion that Ind.Code § 16–41–27–30 conflicts with Ind.Code § 32–7–1–3

and was intended by the legislature to modify Ind.Code § 32–7–1–3.

In conclusion, Ind.Code § 16–41–27–30 did not control whether Echo Lake had properly terminated the lease. Rather, under Ind.Code § 32–7–1–3, Echo Lake properly terminated the lease without cause and with one-month notice. *See Speiser,* 411 N.E.2d at 441. Therefore, the trial court did not err when it entered judgment for Echo Lake.[3] *See id.*

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.

NAJAM, J., and RILEY, J., concur.

---

**3.** Three sentences in the Barbers' argument regarding Ind.Code § 16–41–27–30 make reference to Echo Lake's rules and regulations. In its brief, Echo Lake notes that the Barbers waived this argument by not presenting the argument to the trial court but, nevertheless, argues against the Barbers on the merits. We need not determine whether the Barbers' argument was presented to the trial court because those three sentences are not sufficient to constitute the cogent argument of a second issue for us to decide. *See* Ind. Appellate Rule 46(A)(8). Instead, we interpret those sentences to be supportive of the only issue that the Barbers raise, the applicability of Ind.Code § 16–41–27–30.