**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 11 2014, 9:58 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:
**KEATON J. MILLER**

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KEATON J. MILLER | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 33A01-1407-SC-290 |
| | ) | |
| RYAN BLACKBURN | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HENRY CIRCUIT COURT
The Honorable Bob A. Witham, Judge
Cause No. 33C03-1403-SC-384

**December 11, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Chief Judge**

## Case Summary

Keaton J. Miller, owner of a parking lot (the Lot) in New Castle, seeks twelve months of back rental payments and late fees from Ryan Blackburn, a semi-truck driver who parked his truck in the Lot. The trial court concluded that Miller was not entitled to damages. We conclude that the parties had a month-to-month lease that continued for a year until one month's notice of termination was given, and Miller is therefore entitled to twelve months of back rental payments and late fees. We reverse and remand.

## Facts and Procedural History

In early 2012, after Blackburn inquired about renting the Lot, Miller sent Blackburn a proposed written lease. Tr. p. 15. The lease proposed a $50 monthly rental fee for February 2012 and a $75 monthly fee for each following month. *Id.* at 16. Blackburn did not sign or return the lease, but he mailed Miller a check for $125. *Id.* at 10.

Blackburn paid the monthly rental fee until December 2012. *See* Appellant's App. p. 8. After he stopped paying the monthly rental fee, Blackburn continued to park his semi truck in the Lot, and he did not tell Miller that he wished to terminate the lease. Tr. p. 17-19. In December 2013 Miller sent Blackburn a letter formally terminating the lease and requesting $1200 in back rent payments and late fees. When Blackburn refused to pay, Miller filed suit against him in Henry Circuit Court.

After a one-day bench trial in June 2014, the trial court concluded, without explanation, that Miller was not entitled to damages.[1] Appellant's App. p. 3. Miller now appeals.

**Discussion and Decision**

Miller contends that the trial court erred when it concluded that he was not entitled to damages. He argues that he and Blackburn established a month-to-month lease that continued until December 2013 and that he is entitled to twelve months of back rental payments and late fees from Blackburn. We agree.

The trial court entered a general judgment against Miller. A general judgment may be affirmed on any theory supported by the record. *Borovilos Rest. Corp. II v. Lutheran Univ. Ass'n*, 920 N.E.2d 759, 763 (Ind. Ct. App. 2010) (citations omitted), *trans. denied*. Here, however, Blackburn has not filed an appellee's brief. Under that circumstance, we will not develop the appellee's arguments. *Branham v. Varble*, 952 N.E.2d 744, 746 (Ind. 2011). Rather, we will reverse upon an appellant's prima facie showing of reversible error. *Id.*

Because Blackburn never signed or returned the proposed lease in this case, the parties did not have a written lease for the Lot. Instead, they had an informal, consensual rental agreement—beginning in February 2012—that established a monthly rental fee of $75 per month. General tenancies, in which the premises are occupied by the consent of the landlord, are month-to-month tenancies. Ind. Code § 32-31-1-2. A month-to-month tenancy may be terminated by one party giving one month's notice to the other party, and

---

[1] At the trial, Blackburn asserted an unjust-enrichment counterclaim and requested attorney's fees. *See* Tr. p. 21. The trial court did not mention either claim in its order, and Blackburn does not appeal either issue.

may be terminated without cause. Ind. Code § 32-31-1-1; *see also Barber v. Echo Lake Mobile Home Cmty.*, 759 N.E.2d 253, 255 (Ind. Ct. App. 2001) (citation omitted).

Blackburn stopped paying rent in December 2012, yet he never gave Miller notice of termination. Instead, Blackburn continued to use the Lot without paying Miller until December 2013, when Miller sent him a letter formally terminating the lease. Because Blackburn failed to give notice and continued to use the Lot, the lease continued until Miller terminated it. Miller has made a prima-facie showing of reversible error; we conclude that he is entitled to twelve months of back rental payments and late fees.[2]

Reversed and remanded with instructions to enter judgment in Miller's favor.

RILEY, J., concurs.

BAKER, J., concurs in part, dissents in part with opinion.

---

[2] Minus any payments from Blackburn to Miller during 2013. *See* Tr. p. 17-18 (conflicting testimony regarding possible cash rental payments made after November 2012).

KEATON J. MILLER,                    )
                                     )
    Appellant-Defendant,         )
                                     )
        vs.                  )    No.  33A01-1407-SC-290
                                     )
RYAN BLACKBURN,                      )
                                     )
    Appellee-Plaintiff.          )

**BAKER, Judge, concurring in part and dissenting in part.**

While I concur with the majority's decision to reverse the trial court's judgment, I respectfully dissent regarding the calculation of Miller's damages. I agree with the majority that the parties implicitly entered into a month-to-month lease as of February 2012.

As to Miller's damages, however, Miller was aware that Blackburn stopped making regular rent payments in December 2012, and could have terminated the month-to-month lease at any time. But he failed to do so for a full year. Moreover, the undisputed evidence shows that Blackburn made only de minimis use of the Lot after November 2012, and paid or attempted to make payment to Miller at least twice. Under these circumstances, twelve months of rent would be a windfall to Miller. Miller is entitled to recoup only his actual damages—one month's rent plus court costs. Consequently, I believe we should reverse and remand with instructions to enter judgment in favor of Miller and award damages in the amount of $75 plus court costs.