## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 19 2016, 8:30 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

| PRO SE APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Eric P. Hewitt<br>South Bend, Indiana | Edward P. Benchik<br>Shedlak & Benchik Law Firm LLP<br>South Bend, Indiana |
| | Patrick J. O'Connell<br>Mishawaka, Indiana |

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Eric P. Hewitt,<br>*Appellant-Defendant,*<br><br>v.<br><br>Buckingham Management, LLC,<br>*Appellee-Plaintiff.* | January 19, 2016<br><br>Court of Appeals Case No.<br>71A04-1507-PL-812<br><br>Appeal from the St. Joseph Circuit Court<br><br>The Honorable Michael G. Gotsch, Judge<br>The Honorable Larry L. Ambler, Magistrate<br><br>Trial Court Cause No.<br>71C01-1505-PL-169 |

**May, Judge.**

Eric P. Hewitt appeals the trial court's order granting Buckingham Management, LLC[1] (Buckingham) immediate prejudgment possession of Hewitt's apartment. We affirm.

## Facts and Procedural History

On August 26, 2014, Hewitt executed a one-year Lease Agreement with Foundry Housing Partners, LLC, a management company owned by Buckingham. On April 16, 2015, Foundry Property Manager Chris Jackowiak sent Hewitt a letter indicating:

> Due to numerous complaints from surrounding neighbors, it has been decided that we will be terminating your lease immediately. You will have until Monday, April 20th to vacate the apartment and turn all of your keys and garage pass into the office. If you leave willingly, you will be free & clear of all future rent owed to The Foundry and I will have a document prepared for you to sign by our corporate attorney.

(Appellant's App. at 21.) Hewitt refused to leave.

On May 6, 2015, Buckingham filed a "Complaint on Lease and for Immediate Possession" alleging Hewitt "repeatedly disturbed the peace of other tenants by

---

[1] Hewitt argues Buckingham is not the named leaseholder because the Lease Agreement is signed by a representative of Foundry Housing Partners, LLC. As Hewitt did not raise that issue before the trial court, he has waived that allegation of error. *See Dennerline v. Atterholt*, 886 N.E.2d 582, 594 (Ind. Ct. App. 2008) (issue not presented before trial court is waived for appellate review), *reh'g denied*, *trans. dismissed*. Notwithstanding the waiver, we note Buckingham presented evidence it owns Foundry and the two entities have "a contractual and legal relationship . . . so [Foundry] is actually a management company authorized by Buckingham to run that facility and to deal with them on their behalf[.]" (Tr. at 21-2.)

conducting himself in a loud and boisterous mannner [sic] and has on at least one occasion physically assaulted one of said tenants." (Appellee's App. at 1.) Buckingham alleged Hewitt had recently been charged with misdemeanor public intoxication and misdemeanor intimidation following an altercation with a fellow tenant at a nearby bar. Buckingham requested "immediate possession of the property, damages for such rent as may accrue pursuant to the terms of the lease, any damages to the property as may be determined after inspection and hearing, late fees, noise violation fees, reasonable attorney fees, for its costs and all other just and property relief[.]" (*Id.* at 1-2.)

[4] The trial court awarded Buckingham immediate possession of Hewitt's apartment and allowed Hewitt until July 10, 2015, to vacate. The trial court reserved the issues of damages, attorney fees, and court costs for a future hearing.

## Discussion and Decision

[5] We first note Hewitt proceeds in this appeal *pro se*. A litigant who proceeds *pro se* is held to the same established rules of procedure that trained counsel is bound to follow. *Smith v. Donahue*, 907 N.E.2d 553, 555 (Ind. Ct. App. 2009), *trans. denied*, *cert. dismissed*. One risk a litigant takes when he proceeds *pro se* is that he will not know how to accomplish all the things an attorney would know how to accomplish. *Id.* When a party elects to represent himself, there is no reason for us to indulge in any benevolent presumption on his behalf or to

waive any rule for the orderly and proper conduct of his appeal. *Foley v. Mannor*, 844 N.E.2d 494, 502 (Ind. Ct. App. 2006).

[6] When reviewing a grant of immediate prejudgment possession of a property, we defer to the trial court's discretion. *Bishop v. Hous. Auth. of South Bend*, 920 N.E.2d 772, 781 (Ind. Ct. App. 2010), *reh'g denied, trans. denied*. We "presume that the trial court will 'act in accord with what is fair and equitable in each case,' and thus we will reverse only 'if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court or if the trial court has misinterpreted the law.'" *DePuy Orthopaedics, Inc. v. Brown*, 29 N.E.3d 729, 731-32 (Ind. 2015) (quoting *Wright v. Miller*, 989 N.E.2d 324, 330 (Ind. 2013)), *reh'g denied*.

[7] The trial court *sua sponte* entered findings of fact and conclusions of law. In this situation, "the specific findings control our review and the judgment only as to the issues those specific findings cover. Where there are no specific findings, a general judgment standard applies and we may affirm on any legal theory supported by the evidence adduced at trial." *Trust No. 6011, Lake Cnty. Trust Co. v. Heil's Haven Condos. Homeowners Ass'n*, 967 N.E.2d 6, 14 (Ind. Ct. App. 2012). We apply a two-tiered standard of review to *sua sponte* findings and conclusions: first, whether the evidence supports the findings, and then, whether the findings support the judgment. *Id*.

> Findings and conclusions will be set aside only if they are clearly erroneous, that is, when the record contains no facts or inferences supporting them. A judgment is clearly erroneous when a review

of the record leaves us with a firm conviction that a mistake has been made. We consider only the evidence favorable to the judgment and all reasonable inferences flowing therefrom, and we will neither reweigh the evidence nor assess witness credibility.

*Barkwill v. Cornelia H. Barkwill Revocable Trust*, 902 N.E.2d 836, 839 (Ind. Ct. App. 2009) (internal citations omitted), *trans. denied*.

[8]    Hewitt specifically challenges this finding:[2]

> [Hewitt] is found to have violated paragraph twenty (20) of said Lease and therefore pursuant to paragraph thirty-two (32) of said Lease is found to be in 'default'. [sic] Pursuant to the sub-paragraph captioned 'Eviction' of paragraph 32, Plaintiff has the

---

[2] Hewitt directs us to statutes governing landlord/tenant relationships, such as Ind. Code § 32-31-1-7 (form regarding notice to quit), Ind. Code § 32-31-1-8(3) (requiring "waste" for notice to quit requirement to be waived), Ind. Code § 32-31-6-3 (emergency possession requirements), Ind. Code § 32-31-6-7 (definition of "waste"), Ind. Code § 32-31-7-4 (waiver of application of statutory chapter void), and Ind. Code § 32-31-7-7 (requirement tenant be given time to remedy non-compliance). Most of these statutes require a tenant be given notice before being evicted. However, Ind. Code § 32-31-1-8(2) states: "Notice is not required to terminate a lease in the following situations: . . . (2) The time for the determination of the tenancy is specified in the contract." As paragraph thirty-two of the Lease Agreement gives Buckingham the right to terminate the lease immediately upon default, notice thereof is not required under Ind. Code § 32-31-1-8(2). *See Halliday v. Auburn Mobile Homes*, 511 N.E.2d 1086, 1088 (Ind. Ct. App. 1987) (earlier version of Ind. Code § 32-31-1-8(2) which states notice is not required "where the time for the determination of the tenancy is specified in the contract" applies when provision of the lease is violated and the lease authorizes termination upon that violation).

Additionally, Ind. Code § 32-31-6-3, which sets forth the requirements for a landlord to obtain emergency possession of the property, does not apply here because Buckingham did not file for "emergency possession" and instead filed for pretrial "immediate possession." (Appellee's App. at 1.) Emergency possession under Ind. Code § 32-31-6-3 requires the trial court to "[s]chedule an emergency hearing for not later than three (3) business days after the petition is filed." Ind. Code § 32-31-6-5. In this case, the "Complaint on Lease and for Immediate Possession" (Appellee's App. at 1), was filed on May 6, 2015, and a hearing was scheduled on May 15. During the May 15 hearing, the trial court heard no evidence, and the evidentiary hearing on the matter was held on June 3, 2015, twenty-eight days after Buckingham filed its complaint.

right to terminate said Lease and end [Hewitt's] right of occupancy.

(Appellant's App. at 3.)

Paragraph twenty of Hewitt's Lease Agreement states:

> 20. **PROHIBITED CONDUCT**. You and your occupants or guests may not engage in the following activities: behaving in a loud or obnoxious manner; disturbing or threatening the rights, comfort, health, safety, or convenience of others (including our agents and employees) in or near the apartment community; disrupting our business operations; manufacturing, delivering, possessing with intent to deliver, or otherwise possessing a controlled substance or drug paraphernalia; engaging in or threatening violence; possession of a weapon prohibited by state law; discharging a firearm in the apartment community; displaying or possessing a gun, knife, or other weapon in the common area in a way that may alarm others; storing anything in closets having gas appliances; tampering with utilities or telecommunications; bringing hazardous material into the apartment community; or injuring our reputation by making bad faith allegations against us to others.

(Appellee's App. at 4.) Paragraph thirty-two states:

> 32. **DEFAULT BY RESIDENT**. You'll be in default if you or any guest or occupant violates any terms of this Lease Contract including but not limited to the following violations: (1) you don't pay rent or other amounts that you owe when due; (2) you or any guest or occupant violates the Apartment rules, or fire, safety, health, or criminal laws, regardless of whether or where arrest or conviction occurs; (3) you abandon the Apartment; (4) you give incorrect or false answers in a rental application; (5) you or any occupant is arrested, convicted, or given deferred

adjudication for a felony offense involving actual or potential physical harm to a person, or involving possession, manufacture, or delivery of a controlled substance, marijuana, or drug paraphernalia under state statute; (6) any illegal drugs or paraphernalia are found in your apartment; (7) you or any guest or occupant engages in any of the prohibited conduct described in Paragraph 20; or (8) you or any occupant, in bad faith, makes an invalid complaint to an official or employee of a utility company or the government.

**Eviction**. If you default, we may immediately terminate this Lease Contract and end your right of occupancy. Termination of your possession rights or subsequent reletting doesn't release you from liability for future rent or other lease obligations. After giving notice to vacate or filing an eviction suit, we may still accept rent or other sums due; the filing or acceptance of rent or other sums to doesn't waive or diminish our right of eviction, and is not an accord and satisfaction or create for you any other contractual or statutory right. Accepting money at any time doesn't waive our right to damages; past or future rent or other sums; or our right to continue with eviction proceedings.

(*Id*. at 6.)

[10] Buckingham presented evidence[3] Hewitt "has, on at least two occasions within the last month or so, made threats to individuals on or adjacent to The Foundry apartment complex," (Tr. at 9); threatened to kill another resident; and

---

[3] Hewitt argues much of Buckingham's evidence against him was hearsay and thus should not have been considered by the trial court. Hewitt objected multiple times during the hearing claiming certain statements were hearsay, and the trial court denied some and granted some. However, the proceedings were tried before the bench, and we presume "the court disregarded inadmissible evidence and rendered its decision solely on the basis of relevant and probative evidence." *Roser v. Silvers*, 698 N.E.2d 860, 864 (Ind. Ct. App. 1998).

physically attacked another resident at a nearby bar on April 15, 2015, in violation of paragraph twenty of the Lease. Buckingham also presented evidence Hewitt violated paragraph 32(2) of the Lease on April 15, 2015, when he was arrested and charged with Class A misdemeanor intimidation and two counts of Class B misdemeanor public intoxication following the incident at the bar near the apartments when he physically attacked another resident of the apartment complex. Finally, Buckingham presented evidence Hewitt did not disclose certain arrests and convictions on his rental application in violation of paragraph 32(4) of the Lease Agreement. Those actions put Hewitt in default of the Lease Agreement[4] and entitled Buckingham to "immediately terminate this Lease Contract and end [his] right to occupancy," (Appellee's App. at 6), pursuant to the terms of the lease. *See Stout v. Kokomo Manor Apartments*, 677 N.E.2d 1060, 1064-5 (Ind. Ct. App. 1997) (violation of clause regarding "criminal activity" in lease agreement entitled leaseholder to terminate lease). Hewitt's alternate version of the facts and the inferences he would have us draw

---

[4] Hewitt argues "IN A BREACH OF CONTRACT CASE, A PLAINTIFF CANNOT PREVAIL THAT HAS NO DAMAGES AND THE DECISION MUST BE REVERSED." (Br. of Appellant at 14.) However, Hewitt appeals from the order of immediate possession, which is an interlocutory order separate from the trial court's subsequent judgment regarding damages. *See Nylen v. Park Doral Apartments*, 535 N.E.2d 178, 180 (Ind. Ct. App. 1989) (damages hearing held subsequent to eviction hearing and order), *trans. denied*. *See also* Ind. Code § 32-30-3-2 (provides for pre-judgment possession hearing "to show cause why the judge should not remove the tenant from the property and put the plaintiff in possession.") *And see Bishop*, 720 N.E.2d at 779 ("[Ind. Code § 32-30-3-2] merely allows the trial court to make a preliminary decision as to the right to immediate possession of the property.")

therefrom are invitations for us to reweigh the evidence, which we cannot do. *See Barkwill*, 902 N.E.2d at 839 (appellate court does not reweigh evidence).[5]

## Conclusion

Because Hewitt was in violation of his Lease Agreement, the trial court did not abuse its discretion when it granted Buckingham immediate possession of Hewitt's apartment. We accordingly affirm.

Affirmed.

Najam, J., and Riley, J., concur.

---

[5] Hewitt makes two additional arguments entitled, "THE LEASE CONTRACT SPECIFICALLY STATES THAT THE OWNER IS NOT A GUARANTOR OF SAFETY AND ALL RESIDENTS WAIVE RIGHTS TO SAFETY CLAIMS; BUCKINGHAM CANNOT THEN SAY THAT THEY [sic] DO INDEED MONITOR SAFETY ISSUES AND THIS CASE SHOULD BE REVERSED AS THEY [sic]CANNOT CLAIM DAMAGES DUE TO SAFETY ISSUES PER THEIR [sic] LEASE" and "PUBLIC POLICY WOULD NOT BE SERVED BY A RULING THAT ALLOWS A PERSON ARRESTED OF [sic] A CRIME TO BE EVICTED FOR THAT ARREST WHEN THE ARREST OCCURS NOWHERE NEAR THE APARTMENT BUILDING." (Appellant's Br. at 15.) As Hewitt does not cite legal authority in support of these arguments, they are waived. *See Parameter v. Cass Cnty. Dept. of Child Servs*, 878 N.E.2d 444, 452 (Ind. Ct. App. 2007) (failure to cite to relevant authority waives argument before appellate court), *reh'g denied*.