## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 27 2016, 8:56 am

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| Aaron E. Haith | James A. Smith |
| Indianapolis, Indiana | Carmel, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

Tywann T. Gray,

*Appellant-Defendant,*

v.

Evergreen Finance, LLC,

*Appellee-Petitioner*

January 27, 2016

Court of Appeals Case No.
49A05-1506-PL-657

Appeal from the Marion Superior Court

The Honorable Gary L. Miller, Judge

Trial Court Cause No.
49D03-1504-PL-13221

**Baker, Judge.**

Tywann Gray appeals the trial court's order ruling in favor of Evergreen Finance, LLC (Evergreen), on Evergreen's complaint against Gray for ejectment and damages. Finding no error, we affirm and remand for further proceedings.

# Facts

In February 2015, Evergreen purchased commercial property on Old Allisonville Road in Indianapolis. At that time, Gray operated a barbershop on the premises. Gray had been operating the barbershop in that location for approximately four years, but a written lease between Gray and the former owner had never been executed. Gray paid monthly rent to Evergreen in the amount of $450 for March and April 2015. He has not paid rent since April 7, 2015.

On April 16, 2015, Evergreen sent Gray a notice ordering him to vacate the premises within thirty days. Evergreen noted that Gray was past due on rent and demanded that he pay the past due rent immediately.

On April 22, 2015, Evergreen filed a complaint for ejectment and damages against Gray, seeking to have him evicted from the property. On April 23, 2015, Gray's attorney sent a letter to Evergreen proposing a five-year lease term and a rent schedule. Evergreen never responded to that letter. The trial court held a hearing on June 2, 2015, and then ruled in favor of Evergreen, ordering Gray to vacate the premises within twenty-one days and setting a damages hearing for a future date. Gray now appeals.

# Discussion and Decision

[5] The trial court's order was a general judgment, meaning that we must determine whether the trial court correctly applied the law to the case, and if so, whether there is any evidence supporting the judgment. *Baxendale v. Raich*, 878 N.E.2d 1252 (Ind. 2008). We will affirm if there is any such evidence, and will neither reweigh the evidence nor assess witness credibility in making our determination. *Yoon v. Yoon*, 711 N.E.2d 1265, 1268 (Ind. 1999).

[6] At the outset, we note that it is undisputed that at the time of the ejectment hearing, Gray had not paid rent for at least two months—May and June 2015—and an inference can be drawn from the record that he had also failed to make a full rent payment for April. We need not even address Gray's arguments as a result. Unless the parties agreed otherwise—and there is no contention here that they did so—a landlord is statutorily entitled to terminate a lease with at least ten days' notice if the tenant has failed to pay rent. Ind. Code § 32-31-1-6. Even if we accepted Gray's argument that the parties had a five-year lease, which we do not, he would still be subject to eviction as a result of his failure to pay rent.

[7] That reality notwithstanding, we note that the parties did *not* have a written five-year lease. Evergreen never accepted Gray's proposed lease terms. As such, Gray had a month-to-month tenancy. I.C. § 32-31-1-2. Month-to-month tenancies may be terminated without cause, upon thirty days' notice. *Barber v. Echo Lake Mobile Home Cmty.*, 759 N.E.2d 253, 255-56 (Ind. Ct. App. 2001); I.C.

§ 32-31-1-4. Thus, even if Gray had been current with his rent, which he was not, he was subject to ejectment without cause.

[8] Finally, Gray argues that the doctrine of part performance entitles him to relief in this cause. We disagree. The doctrine of part performance requires that there must first be an oral agreement between the parties (that was then partially performed by one of the parties). *E & L Rental Equip., Inc. v. Wade Constr., Inc.*, 752 N.E.2d 655, 660 (Ind. Ct. App. 2001). Here, there is no evidence of a meeting of the minds in this case regarding a proposed rent schedule or any periodic tenancy for any length of time. Therefore, this argument is unavailing. We find no error in the ruling of the trial court, and remand for calculation of damages.

[9] Evergreen has asked that it be awarded appellate attorney fees pursuant to Indiana Appellate Rule 66(E). Rule 66(E) provides that if an appeal is "frivolous or in bad faith," we may award damages, including attorney fees. While we see no evidence of bad faith in the litigation of this appeal, we acknowledge that it very closely approaches the line of frivolity. We decline to find that it crosses that line, however, and deny the request for appellate attorney fees.

[10] The judgment of the trial court is affirmed.

Bradford, J., and Pyle, J., concur.