**Morton NESSES, Appellant–Plaintiff,**

v.

**William D. KILE and Dorothy M. Kile, Appellees–Defendants.**

No. 41A04–9503–CV–73.

Court of Appeals of Indiana.

Oct. 25, 1995.

D. Charles Gantz, Gantz Colglazier & Associates, Greenwood, for appellant.

David Konnersman, Lewis & Wagner, Indianapolis, for appellees.

## OPINION

CHEZEM, Judge.

### Case Summary

Plaintiff–Appellant, Morton Nesses ("Nesses"), appeals from the denial of his Motion to Correct Errors. We reverse and remand.

### Issue

Nesses presents one issue for our review, which we restate as: whether the trial court properly entered its order in favor of Defendants'–Appellees', William and Dorothy Kile's ("the Kiles") Request for Satisfaction of Judgment.

### Facts and Procedural History

Nesses received a judgment on his complaint for damages against the Kiles for $15,055.00, to be paid pursuant to a garnishment order. Over three years later, the Kiles filed a Motion for Entry of Satisfaction of Judgment, by which Nesses was ordered to repay the sum of $1,994.87 to the Kiles due to overpayment. Nesses filed and was denied his Motion to Correct Errors.

### Discussion and Decision

We must determine whether the trial court properly entered its order in favor of the Kiles' Request for Satisfaction of Judgment. I.C. 24–4.6–1–101 states: "[I]nterest on judgments for money whenever rendered shall be from the date of the return of the verdict or finding of the court until satisfaction at ... (2) an annual rate of ten (10%) if there was no contract by the parties." Nesses would have us use a compounding interest method for calculating what the Kiles owe. However, the statute clearly applies to "interest on judgments" only and not to interest upon interest on judgments. Thus, we must restrict the calculation method to one of simple interest: The total judgment is the principal amount which is subject to the annual 10% interest charge. With each payment, that original principal amount should decrease, assuming the payment is large enough to cover the interest accrued to date. In other words, the calculation must be performed with each payment.

For example, if the judgment is $10,000.00 at an annual 10% interest rate, and payments of $500.00 are made every 30 days, the interest accrued during the first 30 days before the first payment is made would equal about $82.00 ($10,000.00 × 10% = $1,000/365 = $2.74 per day × 30 = $82.00). Thus, principal would be reduced by $418.00 ($500.00 − $82.00), after interest is paid. The next payment of $500.00 paid 30 days later would be applied to the remaining $9,582.00 of principal and interest is equal to $79.00 ($9,582.00 × 10% = $958.00/365 = $2.63 per day × 30 = $79.00). Principal is then reduced again by $421.00 ($500.00 − $79.00), after interest is paid. The next payment of $500.00 paid 30 days later would be applied to the remaining $9,161.00 principal. And so on.

Assuming the payment made toward the debt is not large enough to cover the interest accrued between payments, then the principal amount remains unchanged and the daily interest owed until the next payment remains the same as it was in the prior period. The unpaid interest, if any, from the prior period is not added to the principal amount for purposes of creating a new principal amount but is maintained separately as interest owed. Interest is not compounded but is applied simply to the remainder of the original principal amount.

Thus, the method of calculation used by the trial court is erroneous because it calculated the interest owed on each anniversary date of the judgment rather than at each

**548**

payment period. Likewise, the method of calculation proposed by Nesses is also incorrect because it uses a compound interest method. We therefore remand back to the trial court to determine, using the method established in this opinion, whether judgment has been satisfied or a refund is due to the Kiles. The payment schedule provided by the trial court should serve as a guide for calculation of whether judgment has been satisfied.

Reversed and remanded.

RILEY and DARDEN, JJ., concur.