**UNITED CONSULTING ENGINEERS, Appellant–Defendant,**

v.

**BOARD OF COMMISSIONERS OF HANCOCK COUNTY, Indiana, Appellee–Plaintiff.**

No. 30A04–0308–CV–430.

Court of Appeals of Indiana.

June 14, 2004.

352

Donald M. Snemis, Ice Miller, Indianapolis, IN, Attorney for Appellant.

**OPINION**

BAKER, Judge.

Appellant-defendant United Consulting Engineers (UCE) appeals the trial court's grant of partial summary judgment in favor of appellee-plaintiff Board of Commissioners of Hancock County (County). Specifically, UCE raises five issues, which we consolidate and restate as whether the trial court erred in finding that UCE was obligated to defend the County in this lawsuit and to provide the County with liability insurance. Finding that UCE was not required to defend the County for the County's negligence and that the Agreement similarly did not require UCE to procure insurance for the County, we reverse and remand for further proceedings consistent with this opinion.

*FACTS*

On July 21, 1999, Kyle Vandagriff drove through a construction zone located at the intersection of Mount Comfort Road and County Road 200 North in Hancock County. He collided with oncoming traffic and died as a result of injuries he sustained.

Prior to the accident, the County had retained UCE to provide various engineering consulting services in relation to the replacement of a bridge over Buck Creek, near the intersection where the accident occurred. Paragraph 9(C) of the Agreement stated in pertinent part:

[UCE] shall be responsible for all damage to life and property caused by errors or omission of [UCE], its subcontractors, agents or employees in connection with the services rendered by [UCE] pursuant to this contract. [UCE] shall indemnify, defend, and hold harmless [the County] from any liability due to loss damage, injuries, or other casualties of whatever kind, which, directly and independently of all other causes, arise out of, or result from, the negligence of [UCE], its agents or employees, in performing the services that are required of [UCE] by this contract.

Appellant's App. p. 47. Paragraph 11 of the Agreement also required UCE to obtain insurance and provide the County with evidence of such insurance before the

County would issue its "notice to proceed" with the contract:

> [UCE] shall procure and maintain insurance covering all operations under this Agreement, whether performed by [UCE] or its subcontractor, from insurance companies licensed to do business in the State of Indiana ... [UCE] shall not be given notice to proceed until it has furnished certificates in a form satisfactory to [the County], showing compliance with this section. During the life of this Agreement, [UCE] shall provide [the County] with certificates showing that the required insurance has been maintained ...

The kinds and amounts of insurance required are as follows:

> B. Comprehensive occurrence policies for bodily injury liability and property damage liability insurance including owners' or contractors' protective coverage with a save and hold harmless endorsement for the types herein specified....

Appellant's App. p. 48.

UCE procured insurance from Royal Surplus Lines Insurance Company (RSLIC) covering both UCE and the County for work performed on the project. UCE provided proof of this insurance to the County, and the County issued its "notice to proceed" letter to UCE without any objection or expression of dissatisfaction with the insurance policy.

On June 11, 2001, Deborah and Floyd Vandagriff filed an amended complaint against the County, UCE, Schutt–Lookabill Co. (Schutt),[1] the State of Indiana, and the Indiana Department of Transportation (collectively, "the State"). The Vandagriffs alleged that the County, UCE, Schutt,

and the State were negligent in failing to take appropriate safety measures to protect drivers in the construction zone, and that their negligence caused Kyle's death.

On September 11, 2002, the County filed a cross-claim against UCE alleging that UCE breached contractual duties to defend, indemnify and purchase insurance for the County. On May 19, 2003, the County moved for partial summary judgment on a portion of its claims, alleging that there were no genuine issues of material fact pertaining to the County's claim for a defense and insurance. On June 23, 2003, UCE filed a cross-motion for summary judgment on the same issues.

On June 5, 2003, while the County's motion for partial summary judgment was pending, UCE's insurer, RSLIC, filed a complaint for declaratory judgment in the United States District Court for the Southern District of Indiana to determine, in part, whether the County is entitled to insurance coverage pursuant to the policy of insurance that UCE procured on behalf of the County. To date, that lawsuit remains unresolved.

On July 23, 2003, the trial court held a hearing on the pending motions for summary judgment. On July 30, 2003, the trial court issued its Findings of Fact and Conclusions of Law and Order Granting Partial Summary Judgment in favor of the County, reasoning that the Agreement required UCE to defend and give access to insurance to the County in any case alleging negligence related to UCE's performance of services under the Agreement. On August 1, 2003, the trial court denied UCE's cross motion for summary judgment. Pursuant to UCE's request, the trial court amended its order on August 14,

---

1. Schutt was one of the subcontractors involved in the construction project. Appellant's App. p. 260.

2003, to make all issues final and appealable, and UCE now appeals.

## DISCUSSION AND DECISION

UCE contends that the trial court's grant of partial summary judgment in favor of the County must be reversed. Specifically, UCE argues that the trial court erroneously found that UCE had a duty to defend the County in this lawsuit and that UCE was required to purchase insurance on behalf of the County.

■■■ We note at the outset that the County has failed to file an appellate brief. When an appellee fails to file an appellate brief, we apply a less stringent standard of review. *In re Adoption of R.L.R.*, 784 N.E.2d 964, 968 (Ind.Ct.App.2003). We may reverse if the appellant establishes prima facie error. *Id.* "Prima facie error" is error at first sight, on first appearance, or on the face of it. *Id.* Moreover, we will not undertake the burden of developing arguments in favor of the appellee. *Id.*

■■■ When the terms of a contract are clear and unambiguous, those terms are conclusive, and the court will not construe the contract or look at extrinsic evidence but rather will simply apply the contract provisions. *Stout v. Kokomo Manor Apartments*, 677 N.E.2d 1060, 1064 (Ind. Ct.App.1997). When interpreting a contract, a court must ascertain and effectuate the intent of the parties. *Samar, Inc. v. Hofferth*, 726 N.E.2d 1286, 1290 (Ind.Ct. App.2000), *trans. denied.* The contract must be read as a whole and the language construed so as not to render any words, phrases, or terms ineffective or meaningless. *Id.* Furthermore, indemnity provisions in contracts are strictly construed, and the intent to indemnify the indemnitee for its own negligence must be stated in clear and unequivocal terms. *Sequa Coatings, Inc. v. Northern Indiana Commuter*

*Transp. Dist.*, 796 N.E.2d 1216, 1222 (Ind. Ct.App.2003).

■■■ Here, the Vandagriffs' amended complaint alleges that each individual defendant in this case acted negligently. Appellant's App. p. 26. Thus, we must analyze whether the Agreement requires UCE to defend the County where the County is alleged to be negligent.

The first sentence of Paragraph 9(C) limits UCE's obligation for damages in two ways—those damages caused by its subcontractors, agents or employees and those damages arising from the services rendered by UCE under the contract. The second sentence of Paragraph 9(C) requires UCE to defend the County from damages that arise, "directly and independently of all other causes" from UCE's negligence, and UCE's negligence alone. Appellant's App. p. 47. Nothing in Paragraph 9(C) or any other part within the four corners of the contract indicates that UCE is responsible for defending the County against its own negligence. Inasmuch as the Vandagriffs' petition alleges that the County, among others, was negligent, UCE has no duty to defend the County in the present lawsuit, and the trial court erred in finding to the contrary.

■■■ Turning to the question of insurance, UCE concedes that Paragraph 11 requires UCE to procure and maintain an insurance policy that covers UCE and its subcontractor against losses. Appellant's Br. p. 14. Similar to Paragraph 9(C), Paragraph 11 states that UCE must "procure and maintain insurance covering all operations under this Agreement, whether performed by [UCE] or its subcontractor." Appellant's App. p. 48.

In its memorandum in support of its partial motion for summary judgment, the County relied heavily upon *Exide Corp. v. Millwright Riggers, Inc.*, 727 N.E.2d 473

(Ind.Ct.App.2000), to support the proposition that UCE had a duty to provide the County with insurance. However, the contract at issue in *Exide* is materially different from the contract at issue here. In *Exide,* the contract read, "Contractor shall at its own expense provide evidence of insurance reasonably satisfactory to Exide, and *naming Exide as a co-insured* with respect to any liability which may accrue from or during the work performed by Contractor...." *Id.* at 481 (emphasis added). Unlike the agreement in *Exide,* the Agreement here did not specifically require UCE to name the County as a "coinsured." The County was able to reserve veto power over the insurance policy for itself by the terms of Paragraph 11. Certainly, the County had enough control over the provisions that were included in the Agreement to specifically include a requirement that UCE name it as a co-insured had that been the intent of the parties. Thus, the trial court erroneously found that UCE was required to purchase insurance on behalf of the County.

The judgment of the trial court is reversed, and this cause is remanded for further proceeding consistent with this opinion.

FRIEDLANDER, J., and BAILEY, J., concur.

