Rachel **PENROD**, Appellant–Defendant,

v.

**THE CAR COMPANY,**
**Appellee–Plaintiff.**

No. 43A04–0505–CV–256.

Court of Appeals of Indiana.

Aug. 16, 2005.

---

Clifford W. Shepard, Indianapolis, for Appellant.

## OPINION

FRIEDLANDER, Judge.

Rachel Penrod appeals a default judgment entered against her in a small claims action filed by The Car Company. She presents the following restated issue for review: Did the trial court err in entering the default judgment upon Penrod's failure to appear at a pretrial conference?

We reverse and remand.

On January 31, 2005, The Car Company filed a Notice of Claim against Penrod in the Kosciusko County Superior Court, Small Claims Division. The Car Company sought recovery of damages for a check Penrod allegedly issued to The Car Company that was returned by the bank due to non-sufficient funds. The notice of claim provided in relevant part:

You have been sued by [The Car Company]. **YOU ARE HEREBY NOTIFIED THAT** the pretrial conference of this claim is set for the **15th day of March, 2005, at 1:15 o'clock p.m.** [sic] If you fail to appear in the Kosciusko Superior Court # 3, 121 North Lake Street, Warsaw, Indiana, at the date and time set for the pretrial conference, a default judgment may be entered

against you. At the pretrial conference the Judge or a court representative will meet with the parties to finalize the issues of the case or formalize any agreements of the parties. If an agreement is not reached a trial date will be confirmed.

*Appendix* at 5.[1]

The Car Company obtained copy service upon Penrod through the Wabash County Sheriff's Department. Thereafter, when Penrod failed to appear for the scheduled pretrial conference on March 15, 2005, The Car Company filed a Motion for Default Judgment. The trial court granted the motion and entered a default judgment against Penrod in the amount of $1150.00 plus court costs and interest. Penrod, by counsel, initiated the instant appeal on April 14, 2005.

■ We initially observe that The Car Company has chosen not to file an appellate brief in this matter. Accordingly, a less-stringent standard of review applies, and we may reverse the trial court's judgment if Penrod establishes prima facie error. *United Consulting Eng'rs v. Bd. of Comm'rs of Hancock County*, 810 N.E.2d 351 (Ind.Ct.App.2004). Prima facie error is "error at first sight, on first appearance, or on the face of it." *Id.* at 354. Moreover, we will not undertake the burden of developing arguments in favor of The Car Company. *United Consulting Eng'rs v. Bd. of Comm'rs of Hancock County*, 810 N.E.2d 351.

■ Penrod argues Ind. Small Claims Rule 10(B) permits a small claims court to enter a default judgment only if the defendant fails to appear at the time and place specified for trial. Because the notice of claim scheduled a pretrial conference and

---

1. In another portion of the notice of claim, Penrod was informed: "If a settlement is not reached at the pretrial conference, a trial will be scheduled for a later date and time." *Id.* at 6.

not a trial on the merits, Penrod contends her failure to appear at the pretrial conference could not constitute a proper basis for entry of default judgment. While we do not condone Penrod's failure to appear at the scheduled pretrial conference, we find that she has established prima facie error in the trial court's entry of default for said failure to appear.

Ind. Small Claims Rule 2(B) sets forth a specific list of items a notice of claim shall contain. Two are particularly relevant to our discussion:

> (3) The place, date and time when the parties are to appear *for trial* of the claim....

> &#42; &#42; &#42;

> (9) A statement that a default judgment may be entered against the defendant if he fails to appear *for trial.*

S.C.R. 2(B) (emphases supplied). "Th[is] rule clearly requires the trial date to be set at the time the claim is filed and for the notice of claim to inform the defendant of the place, date, and time of the trial." *Sanders v. Kerwin,* 413 N.E.2d 668, 670 (Ind.Ct.App.1980).

■ Further, S.C.R. 10(B) provides in relevant part: "Default. If the defendant fails to appear at the time and place specified for the trial, or for any continuance thereof, the court may enter a default judgment against him." Thus, a defendant in a small claims action may be defaulted only for failure to appear at the time and place specified *for trial.* *See Sanders v. Kerwin,* 413 N.E.2d 668.

In the instant case, it is apparent that the notice of claim served upon Penrod did not comply with S.C.R. 2(B)(3) in that it did not advise her of a place, date, and time for trial. Moreover, no trial date was ever scheduled and Penrod failed only to appear at a pretrial conference. Under these circumstances, Penrod has established prima facie error in the entry of default judgment against her.[2] *See Sanders v. Kerwin,* 413 N.E.2d 668 (entry of default judgment in small claims action erroneous where time and place for trial had not been specified as required by rules).

Judgment reversed and remanded with instructions to vacate the default judgment and to schedule trial on the original claim.

ROBB, J., and BAILEY, J., concur.

---

**2.** We need not reach Penrod's alternative claim that the trial court also erred in entering the default judgment due to The Car Company's failure to demonstrate it had a prima facie case against Penrod, as required by S.C.R. 10(B)(3). *See Smith v. Patel,* 560 N.E.2d 1260, 1261 (Ind.Ct.App.1990) ("SC 10(B) only permits the court to enter a default judgment after assurance that the plaintiff has a prima facie case").