*Christopher Johnston,* pro se.


COMMONWEALTH *vs.* BARRY H. SPENCER, JR. June 21, 2007. *Practice, Criminal,* Interlocutory appeal.

The defendant, Barry H. Spencer, Jr., was indicted on charges of distribution of cocaine and other offenses. A judge in the Superior Court denied his motion to suppress certain evidence. Pursuant to Mass. R. Crim. P. 15, as appearing in 422 Mass. 1501 (1996), Spencer applied to a single justice of this court for leave to take an interlocutory appeal from that ruling. The single justice denied such leave. Spencer appealed from the single justice's order.

The Commonwealth has moved to dismiss Spencer's appeal. The motion must be allowed. "Neither the Commonwealth nor a defendant may appeal to the full court from a single justice's denial of an application for leave to pursue an interlocutory appeal." *Cowell* v. *Commonwealth,* 432 Mass. 1028, 1028 (2000). We express no view on the merits of Spencer's motion to suppress. Spencer has recently been convicted of each offense and has filed a notice of

appeal from those convictions. The correctness of the judge's ruling on the motion to suppress may be raised in the ordinary course of appeal.[1]

*Appeal dismissed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Barry H. Spencer, Jr.*, pro se.

*Joseph M. Ditkoff*, Assistant District Attorney, for the Commonwealth.

---

[1]Spencer has also filed a motion for a new trial. It appears that he filed an identical motion in the Superior Court. We take no action on the motion, but leave it for the Superior Court to decide. Spencer may appeal in the ordinary course from any adverse decision on the motion pursuant to Mass. R. Crim. P. 30 (c) (8), as appearing in 435 Mass. 1501 (2001).

