# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**DANIEL D. BOBILYA**
Bobilya Law Group, LLC
Fort Wayne, Indiana



FILED
Sep 11 2012, 9:16 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| PAC-VAN, INC., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1204-CT-337 |
| | ) | |
| WEKIVA FALLS RESORT, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable David J. Dreyer, Judge
Cause No. 49D10-0909-CT-040509

**September 11, 2012**

**OPINION - FOR PUBLICATION**

**SHEPARD, Senior Judge**

When the losing party pays a judgment in full, does post-judgment interest keep running on the whole amount until the trial court calculates the amount due for the period between the judgment and the payment? The trial court here said yes. The statute and the cases are otherwise.

### FACTS AND PROCEDURAL HISTORY

Wekiva Falls Resort sued Pac-Van, Inc., for breach of contract and negligence. On April 15, 2011, a jury returned a verdict for Wekiva in the amount of $102,285. Pac-Van paid the judgment on June 2, 2011. Wekiva also requested an award of attorney's fees. On July 19, 2011, the trial court ordered Pac-Van to pay $123,379 in fees. Pac-Van paid the award to Wekiva on August 22, 2011.

Wekiva then filed a petition for pre-judgment and post-judgment interest. Pac-Van responded, noting that it had already paid both the jury verdict and the attorney's fees award. On January 23, 2012, the trial court denied Wekiva's request for pre-judgment interest but granted post-judgment interest, determining that Wekiva was entitled to $6368.27 in interest on the jury verdict and $5075.81 in interest on the attorney's fees award.[1]

Pac-Van filed a motion to correct error, asserting that the award of post-judgment interest did not account for Pac-Van's payment of the judgment and the fee award. Pac-Van's lawyer Daniel D. Bobilya had first contacted Wekiva's attorney Daniel Cueller on

---

[1] The trial court's denial of Wekiva's request for pre-judgment interest rested on Ind. Code § 34-51-4-6 (1998). That section bars interest where a pre-trial offer of settlement is more than a third higher than the eventual judgment. Wekiva had offered to settle for $1.4 million; the jury awarded $102,285.

2

this point. "Although opposing counsel was made aware of the error and has acknowledged receipt of the principal payments," Bobilya informed the trial court, "he refused to voluntarily remedy this error via stipulation." Appellant's App. p. 3. The motion to correct error did not elicit a response, the motion was deemed denied, and this appeal followed. Wekiva has not filed an appellee's brief.

ISSUE

Pac-Van raises one issue, which is: whether the trial court erred in the calculation of post-judgment interest on the jury verdict and the attorney's fees award.

DISCUSSION

We start with the trial court's calculation of post-judgment interest on the jury verdict. The governing statute provides, in relevant part, "interest on judgments for money whenever rendered shall be from the date of the return of the verdict or finding of the court until satisfaction at . . . an annual rate of eight percent (8%), if there was no contract by the parties." Ind. Code § 24-4.6-1-101 (1993). This statute creates an incentive for judgment debtors to satisfy their obligations expeditiously to avoid the accrual of interest. *Poehlman v. Feferman*, 717 N.E.2d 578, 583 (Ind. 1999).

Here, the jury rendered its verdict on April 15, 2011, and Pac-Van paid the judgment on June 2, 2011, forty-eight days later. Under the plain language of Section 24-4.6-1-101, post-judgment interest accrued during that period of time. *See State v. Booher*, 935 N.E.2d 274, 282 (Ind. Ct. App. 2010) (holding that interest accrued between the date the trial court entered final judgment and the date the judgment was paid in full).

3

The interest does not compound because the statute does not permit interest to accrue upon interest. *Nesses v. Kile*, 656 N.E.2d 546, 547 (Ind. Ct. App. 1995).

Thus, the post-judgment interest due on the jury verdict of $102,285 is calculated by multiplying that figure by .08 (the interest rate),[2] dividing the result ($8182.80) by 365 to determine the amount of interest that accrues each day, and multiplying that result ($22.42) by forty-eight days to reach the total amount: $1076.09. The trial court's award imposed interest running for some eight months after "satisfaction" of the jury verdict, to use the word in the Code, had already occurred. This was error.

Next, we turn to the trial court's calculation of interest on the attorney's fees award. Such modest authority as exists in Indiana holds that post-judgment interest does accrue on an award of fees. *See Olcott Int'l & Co. v. Micro Data Base Sys., Inc.*, 793 N.E.2d 1063, 1079 (Ind. Ct. App. 2003), *trans. denied*. This is also the rule in other jurisdictions. *See Parker v. I & F Insulation Co.*, 730 N.E.2d 972, 977-78 (Ohio 2000) (collecting cases). It was the position of both parties before the trial court that an award of fees is governed by the general post-judgment interest statute cited above, Ind. Code § 24-4.6-1-101.

Here, the trial court issued its fee award on July 19, 2011, and Pac-Van paid Wekiva the full amount on August 22, 2011, thirty-four days later. Thus, post-judgment interest on the attorney's fees award of $123,379 is calculated by multiplying that figure by .08 (the interest rate), dividing the result ($9870.32) by 365 to determine the amount

---

[2] The parties acknowledged in the trial court that the applicable interest rate is eight percent.

4

of interest that accrues each day, and multiplying that result ($27.04) by thirty-four to reach the total due: $919.43. The trial court's award of interest on fees for five months after the fees were paid was error.

CONCLUSION

We reverse the trial court's award of post-judgment interest and remand with instructions to issue a new order reflecting $1076.09 in interest on the verdict and $919.43 in interest on the fees, for a total of $1995.52.

Reversed and remanded with instructions.

KIRSCH, J., and CRONE, J., concur.