

FILED

Sep 08 2017, 5:47 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Clifford T. Rubenstein
Rifkin Blanck & Rubenstein, P.C.
Carmel, Indiana

ATTORNEYS FOR APPELLEE

Kevin S. Smith
Brent A. Borg
Church Church Hittle + Antrim
Fishers, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Robert Muldowney, <br> *Appellant-Defendant,* <br><br> v. <br><br> Lincoln Park, LLC and, <br> Robert Versprille, <br><br> *Appellees-Plaintiffs.* | September 8, 2017 <br><br> Court of Appeals Case No. <br> 29A02-1610-SC-2439 <br><br> Appeal from the Hamilton <br> Superior Court <br><br> The Honorable Wayne A. <br> Sturtevant, Judge <br><br> Trial Court Cause No. <br> 29D05-1609-SC-7598 |

**Barnes, Judge.**

## Case Summary

[1] Robert Muldowney appeals the trial court's grant of judgment in favor of
Lincoln Park, LLC, and Robert Versprille. We dismiss and remand.

## Issue

The issue Muldowney raises is whether Versprille provided adequate notice for the termination of Muldowney's lease of a rental property from Lincoln Park. We also address an issue raised by Lincoln Park and Versprille, namely, whether the trial court conducted an adequate hearing on their eviction suit.

## Facts

Due to the abbreviated hearing held by the trial court, there are few undisputed facts to relate about this case. Muldowney rented a residence in Noblesville from Lincoln Park; Versprille owns and operates Lincoln Park. The lease began in July 2015, for $500 per month, and originally was set to expire on June 30, 2016. Lincoln Park and Versprille do not dispute that they accepted an additional month's rental payment from Muldowney for July 2016. Muldowney remained in possession of the premises beyond July 31, 2016. On September 2, 2016, Versprille filed a pro se complaint for immediate possession of the rental property and rent due in the amount of $1000. The complaint was docketed as a small claims action. The complaint alleged that Muldowney had been notified on May 28, 2016, that his lease would not be renewed and made no mention of the July 2016 rent payment.

On September 21, 2016, the trial court held a hearing on the complaint. Muldowney was represented by counsel, and Versprille appeared pro se. At the outset of the hearing, counsel for Muldowney orally moved to dismiss the complaint. Counsel argued that the original one-year lease converted into a

month-to-month lease when Versprille accepted rent from Muldowney for July 2016, and that Muldowney had tendered rent to Versprille for August 2016 but Versprille had refused to accept it; therefore, counsel argued, Muldowney had not breached the month-to-month lease in August 2016. Additionally, counsel argued that the eviction complaint itself was not proper notice of Versprille's intent to terminate the month-to-month lease, and even if it was, it would not be effective until the end of October 2016, according to a written opinion issued by the Indiana Attorney General. Versprille spoke only once during the hearing, to say that Muldowney had been "very disruptive" and that, "[i]t's not about the dollars, it's about having him removed from the premises." Tr. Vol. II p. 7. During the hearing, no one was sworn in to testify and no exhibits were entered into evidence. Regardless, after hearing the argument of Muldowney's counsel and the one brief statement of Versprille, the trial court ruled, "I'm going to find that the eviction should be granted for termination of the month-to-month tenancy effective as of October 2nd." *Id.* It then scheduled a damages hearing for the end of November 2016. Muldowney filed a motion to correct error, which the trial court denied. Muldowney now appeals.

## Analysis

[5] Generally, we review small claims judgments for clear error, with due regard given to the trial court's opportunity to assess witness credibility. *Trinity Homes, LLC v. Fang*, 848 N.E.2d 1065, 1067 (Ind. 2006). This deferential standard of review does not apply to questions of law, which are reviewed de novo. *Id.* at 1068. Additionally, if a small claims case turns solely upon documentary

evidence, we review the judgment de novo, similar to summary judgment rulings. *Id.*

[6] We acknowledge that small claims trials should be informal, "with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law, and shall not be bound by the statutory provisions or rules of practice, procedure, pleadings or evidence except provisions relating to privileged communications and offers of compromise." Ind. Small Claims Rule 8(A). However, such informality does not mean that *all* rules of procedure may be blatantly disregarded. *Potts v. Castillo*, 460 N.E.2d 996, 998 (Ind. Ct. App. 1984). Each party to a small claims action still has the burden of proof for a claim or counterclaim and is responsible for bringing evidence to court that is sufficient to sustain that burden. *Park Jefferson Apartments v. Storage Rentals*, 738 N.E.2d 685, 688 (Ind. Ct. App. 2000). Furthermore, all testimony in a small claims trial must be given under oath or affirmation. S.C.R. 8(B).

[7] Here, the trial court's informality went too far. It did not allow either party the opportunity to present documentary evidence or sworn testimony in support of their respective positions. Rather, it appears to have based its judgment strictly upon the facts alleged in the complaint and unsworn statements of Muldowney's counsel and Versprille. We do not even have a copy of the original lease before us. Also, it should have been apparent, based on counsel's motion to dismiss and supporting argument, that the facts of the case were not straightforward and that each party should have been allowed to present

evidence to support its claims before the trial court spontaneously ruled against Muldowney.

[8]     We might be able to overlook this disregard of basic procedure if the trial court's judgment was unquestionably correct, even if all the facts were as Muldowney alleged regarding a month-to-month lease. But we cannot reach that conclusion. Muldowney contends that his occupancy of the residence after June 30, 2016, was a month-to-month tenancy under the express language of the lease (which, again, is not in the record). Also, he directs us to Indiana Code Section 32-31-1-2, which states, "A general tenancy in which the premises are occupied by the express or constructive consent of the landlord is considered to be a tenancy from month to month. . . ."

[9]     Muldowney and Lincoln Hills and Versprille agree that if Muldowney was occupying the residence under a month-to-month lease after the completion of the original one-year lease, Indiana Code Section 32-31-1-4 applies, which states:

>     (a) This section applies to a tenancy of not more than three (3) months which, by express or implied agreement of the parties, extends from one (1) period to another.
>
>     (b) Notice to the tenant equal to the interval between the periods is sufficient to determine a tenancy described in subsection (a).

Lincoln Hills and Versprille argue that the complaint for eviction constituted "notice" under this statute, and because it was filed on September 2, 2016,

Muldowney had to leave the premises by October 2, 2016—one month later, equivalent to the month-to-month length of the tenancy. Muldowney counters that the complaint itself could not have constituted notice of intent to terminate the lease, and even if it did, it could not have taken effect until October 31, 2016.

[10] It is difficult to characterize the eviction complaint itself as providing the notice of termination of lease as contemplated by statute. That is because, in order to file that complaint, Muldowney would already have to have been in breach of the lease and illegally in possession of the property when it was filed. In other words, because according to Muldowney he had not previously been notified that the month-to-month lease was being terminated, he had not yet breached that lease when the complaint was filed. *See* Ind. Code § 32-30-2-4 (providing that action for ejectment and possession of premises must allege "[t]hat the defendant unlawfully keeps the plaintiff from possession of the premises.").[1]

[11] Also, even if the eviction complaint served as notice of termination of the month-to-month lease, it is unclear whether it could have taken effect before October 31, 2016. Lincoln Hills and Versprille cite *Fields v. Conforti*, 868 N.E.2d 507, 515 (Ind. Ct. App. 2007), for the proposition that "[a] month-to-month tenancy may be terminated or the rent may be changed by the landlord giving a

---

[1] Indiana Code Section 32-30-3-1 also allows a plaintiff to seek ejection of a defendant from real estate if the plaintiff files an affidavit stating, in part, that "[t]he defendant has unlawfully retained possession of the property described in the complaint." Lincoln Hills and Versprille's complaint was not accompanied by an affidavit.

one-month notice to the tenant." The issues in *Fields*, however, were whether the landlord could hold the lessee liable for a sublessee's failure to vacate the premises; whether the landlord could increase the rent during the sublessee's holdover tenancy; and whether the original one-year tenancy had converted into a subsequent one-year tenancy or a month-to-month tenancy. *Id.* at 514-15. The issue of the effective date of the increase in rent was not analyzed by us. Lincoln Hills and Versprille also cite *Barber v. Echo Lake Mobile Home Cmty.*, 759 N.E.2d 253, 255 (Ind. Ct. App. 2001), in which we stated, "A month-to-month tenancy may be terminated by one party giving one-month notice to the other party." Again, however, we did not have to address the precise time period regarding notice of termination of a month-to-month lease, as the parties did not dispute that issue; the primary issue in *Barber* was whether the landlord could terminate the lease without cause. *Id.* at 256.

[12] Both *Fields* and *Barber* cited *Spieser v. Addis*, 411 N.E.2d 439 (Ind. Ct. App. 1980). In that case, the landlord gave notice of intent to terminate a month-to-month lease on April 30, 1977, to be effective June 1, 1977. *Id.* at 441. The notice in *Spieser* is consistent with Muldowney's position—that is, the notice given during one month was effective at the end of the following month, not precisely one month later. Muldowney's position also is consistent with the Restatement (Second) of Property on this point. Specifically, the Restatement provides:

> f. Notice of Termination. The lease may specify the time before
> the end of the designated period that notice must be given by

either party to terminate the lease as of the end of the period. If no such notice of termination is given, the lease will continue for another period. . . . if the date stated in the notice for termination is not the end of a period or is too short a time before the end of a period, the notice will be effective to terminate the lease at the earliest possible date after the date stated.

Illustrations to this rule explain:

5. On February 1, L and T enter into a month to month tenancy to begin on that date. The lease specifies that notice must be given by the party desiring to terminate the lease at least two weeks before the end of the period. On June 20 T decides he wants to terminate the lease. The earliest date on which he can terminate the lease is July 31.

6. On March 1, L and T enter into a month to month tenancy to begin on that date. No provision for notice is made. In order to terminate T's tenancy on November 30, L must give T notice no later than 11:59 p. m. on October 31. A notice given on November 1 will not run for one full period before the monthly tenancy renews itself immediately after 11:59 p. m. on November 30. However, the November 1 notice is effective to terminate the lease on December 31 even though it specified November 30 as the date of termination.

As noted by Muldowney, in 1978, the Indiana Attorney General seemed to endorse the Restatement position regarding notice of termination of a month-to-month lease. *See* Ind. Op. Atty. Gen. 61 (1978). Other jurisdictions also have adopted this view. *See, e.g.*, *Sage v. Rogers*, 848 P.2d 1034, 1039 (Mont. 1993).

[13] Perhaps recognizing that they may not be successful on this argument on appeal, Lincoln Hills and Versprille make two alternative arguments: that after

the expiration of the original lease, Muldowney was not a month-to-month tenant, but either a tenant by sufferance or a tenant for a specified period of time (i.e., one month). In either situation, a landlord is not required to provide any notice of intent to terminate a lease. *See* I.C. § 32-31-1-8(1), (4). However, in support of its claims that Muldowney was a tenant by sufferance or for a specified period of time only, Lincoln Hills and Versprille rely on facts not in the record before us regarding the circumstances of Muldowney's continuing to live in the rental after the end of the original lease. Muldowney has moved to strike those parts of Lincoln Hills and Versprille's brief relating these extra-record facts.

[14] Lincoln Hills and Versprille acknowledge the general rule that facts outside the record cannot be considered by this court on appeal. *See Schaefer v. Kumar*, 804 N.E.2d 184, 187 n.3 (Ind. Ct. App. 2004), *trans. denied*. They argue in part for an exception to this rule for small claims actions, based on the informality of small claims trials, and ask that we consider their proffered extra-record facts. However, such informality does not extend to appeals from a small claims judgment; the appellate rules are the same regardless of the type of action below. *See Potts*, 460 N.E.2d at 998.

[15] Alternatively, Lincoln Hills and Versprille move to remand this case to the trial court for further consideration pursuant to Indiana Appellate Rule 37, so they have an opportunity to present evidence on their alternative theories. Rule 37 provides:

A. Content of Motion. At any time after the Court on Appeal obtains jurisdiction, any party may file a motion requesting that the appeal be dismissed without prejudice or temporarily stayed and the case remanded to the trial court or Administrative Agency for further proceedings. The motion must be verified and demonstrate that remand will promote judicial economy or is otherwise necessary for the administration of justice.

B. Effect of Remand. The Court on Appeal may dismiss the appeal without prejudice, and remand the case to the trial court, or remand the case while retaining jurisdiction, with or without limitation on the trial court's authority. Unless the order specifically provides otherwise, the trial court or Administrative Agency shall obtain unlimited authority on remand.

Muldowney argues against such action, asserting that Versprille should have insisted on presenting evidence despite the trial court's spontaneous ruling in his and Lincoln Hills's favor. Under the circumstances here, we disagree.

[16] Our supreme court has disapproved of trial courts conducting "summary" proceedings unless the court establishes on the record affirmative agreement from represented parties' attorneys that the proceedings will be conducted summarily, and affirmative agreement by both represented clients or pro se litigants to summary proceedings. *See Bogner v. Bogner*, 29 N.E.3d 733, 743 (Ind. 2015).[2] The trial court here did not obtain anyone's consent before

---

[2] *Bogner* also requires an "opportunity for both parties to add any other relevant information regarding the issues in dispute before the summary proceeding is concluded or to affirm the arguments made by counsel;" and "an advisement in advance of the hearing that either party is free to object to the form of the proceeding and request a full evidentiary hearing, upon which formal rules of evidence and procedure will be observed." *Bogner*, 29 N.E.3d at 743. Obviously, the last requirement regarding an opportunity for an evidentiary

summarily ruling in Lincoln Hills and Versprille's favor. Although small claims hearings are to be informal, neither are they normally to be "summary" in the sense of entirely dispensing with the presentation of evidence in support of a claim. The manner in which the trial court acted here deprived Lincoln Hills and Versprille of the chance to present evidence to meet its burden of proof against Muldowney.

[17] We conclude that we should remand this case for further proceedings and the conducting of a proper, if informal, evidentiary hearing. *See Iltzsch v. State*, 981 N.E.2d 55, 57 (Ind. 2015) (remanding to allow State to present evidence supporting restitution request where defendant did not object to fact of restitution and State presented insufficient evidence to support restitution amount); *Essany v. Bower*, 790 N.E.2d 148, 153 (Ind. Ct. App. 2003) (remanding for trial court to conduct new hearing on protective order request where trial court did not permit petitioner to testify or to cross-examine defendant). We acknowledge that this case may be moot in one sense, as Muldowney seems to concede he had to move out of the Lincoln Hills residence by October 31, 2016. However, a different move-out date may affect a calculation of damages, and Lincoln Hills and Versprille make no argument that the case is moot.

hearing where all the rules of evidence and procedure will be observed would be inapplicable in a small claims case.

# Conclusion

[18] We elect to dismiss this appeal without prejudice. We remand for the trial court to conduct an evidentiary hearing on Lincoln Hills and Versprille's complaint and to thereafter rule on it accordingly. Then, either party may initiate a new appeal if they so desire.[3]

[19] Dismissed and remanded.

Baker, J., and Crone, J., concur.

---

[3] Our dismissal of this appeal without prejudice, with the opportunity for the parties to file new briefs in a new appeal, renders Muldowney's motion to strike portions of Lincoln Hills and Versprille's brief moot.