

FILED

Jul 12 2023, 8:37 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jeramy Ferguson
Sandlin Law Group P.C.
Carmel, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Piccadilly Management as Managing Agent for Piccadilly Properties II, LLC DBA Roland Manor, | July 12, 2023 |
| | Court of Appeals Case No. 22A-SC-01904 |
| *Appellant-Plaintiff,* | Appeal from the Warren Township Small Claims Court |
| v. | The Honorable Garland E. Graves, Judge |
| Shenita Abney, | Trial Court Cause No. 49K06-0804-SC-2024 |
| *Appellee-Defendant* | |

**Opinion by Judge May**
Judges Mathias and Bradford concur.

**May, Judge.**

[1] Piccadilly Management, as Managing Agent for Piccadilly Properties II, LLC, which does business as Roland Manor (hereinafter "Piccadilly"), appeals the small claims court's denial of its request for post-judgment interest on an award of attorney's fees. We reverse and remand.

## Facts and Procedural History

[2] On April 16, 2008, Piccadilly filed a Notice of Claim for Possession of Real Estate against Shenita Abney in the Marion County Small Claims Court of Warren Township for nonpayment of rent and unlawful holdover. The small claims court issued an order granting possession of the premises to Piccadilly, and the court held a damages hearing on July 9, 2008. Abney failed to appear, and the court entered a default judgment for $1,453.00 plus attorney's fees of $600.00, for a total judgment of $2,053.00 plus costs and post-judgment interest at the statutory rate.[1]

[3] The court entered garnishment orders to collect the funds from Abney's employers, and over time Abney paid the principal judgment amount of $2,053.00 plus $259.00 in court costs. On March 8, 2022, Piccadilly moved for a garnishment order to recover post-judgment interest. Piccadilly asserted it was entitled to post-judgment interest on the entire $2,053.00 award, representing both the principal judgment and attorney fees. Piccadilly

---

[1] Ind. Code § 24-4.6-1-101 (setting statutory rate at eight percent).

calculated the post-judgment interest due as $2,533.32. Abney did not appear at the hearing on Piccadilly's motion for a new garnishment order for post-judgment interest. On April 25, 2022, the small claims court concluded Piccadilly was entitled to $1,574.00 in post-judgment interest, which represented post-judgment interest on the $1,453.00 default judgment but not on the $600.00 in attorney's fees.

[4] Piccadilly filed a motion to correct error on May 9, 2022, arguing the trial court erred in not awarding Piccadilly post-judgment interest on the attorney's fees award. After hearing argument from Piccadilly, the small claims court denied Piccadilly's motion to correct error.

## Discussion and Decision

[5] Piccadilly contends the small claims court erred by not awarding post-judgment interest on attorney's fees.[2] We generally review small claims judgments for clear error, giving considerable deference to the small claims court and its assessment of witness credibility. *Muldowney v. Lincoln Park, LLC,* 83 N.E.3d 130, 132 (Ind. Ct. App. 2017). However, this deferential standard of review does not apply to questions of law, which we review de novo. *Id.* "Post-

---

[2] We note Abney did not file an appellee's brief. When an appellee fails to file a brief, we do not undertake the burden of developing arguments for them. *Destination Yachts, Inc. v. Fine*, 22 N.E.3d 611, 615 (Ind. Ct. App. 2014). We instead apply a less stringent standard of review and may reverse the trial court's judgment if the appellant establishes prima facie error. *Id.* Prima facie error is "error at first sight, on first appearance, or on the face of it." *Penrod v. The Car Co.*, 832 N.E.2d 1020, 1021 (Ind. Ct. App. 2005).

judgment interest is a creature of statute, borne of legislative authority." *Denman v. St. Vincent Medical Group, Inc.*, 176 N.E.3d 480, 503 (Ind. Ct. App. 2021), *reh'g denied*, *trans. denied*. As such, it presents a question of law that we review de novo. *See In re Doe*, 148 N.E.3d 1147, 1150 (Ind. Ct. App. 2020) (statutory interpretation is a legal question reviewed de novo).

[6] In support of its argument, Piccadilly points to Indiana Code section 24-4.6-1-101, which provides: "Except as otherwise provided by statute, interest on judgments for money whenever rendered shall be from the date of the return of the verdict or finding of the court until satisfaction at an annual rate of eight percent (8%) if there was no contract by the parties." The "shall" in the statute is mandatory, and therefore, unless a statutory exception applies, "prevailing plaintiffs are automatically entitled" to post-judgment interest. *Denman*, 176 N.E.3d at 503. Awards of fees, including attorney's fees, also accrue post-judgment interest under the statute. *Pac-Van, Inc. v. Wekiva Falls Resort*, 975 N.E.2d 831, 832 (Ind. Ct. App. 2012). Accordingly, this statute indicates Piccadilly is entitled to post-judgment interest on attorney's fees. *See id*.

[7] The small claims court declined to include attorney's fees in its calculation of post-judgment interest based on Indiana Code section 33-34-3-3. That statute provides:

> The court has original and concurrent jurisdiction with the circuit and superior courts in possessory actions between landlord and tenant in which the past due rent at the time of filing does not exceed ten thousand dollars ($10,000). The court also has original and concurrent jurisdiction with the circuit and superior

> courts in actions for the possession of property where the value of the property sought to be recovered does not exceed ten thousand dollars ($10,000). These jurisdictional limitations are not affected by interest and attorney's fees.

Ind. Code § 33-34-3-3.

[8] The small claims court asserted the language in Indiana Code section 33-34-3-3 "separates the Marion County Small Claims Court jurisdictional limit from the pre-judgment and attorney fees" and therefore "post judgment interest is calculated on the principal judgment" only. (Appellant's App. Vol. II at 38.) However, while the last sentence of the statute indicates interest and attorney's fees are not considered for purposes of the small claim jurisdictional limitations, nothing in that sentence indicates attorney's fees are not permitted to accrue statutory post-judgment interest. *See Tax Analysts v. Indiana Econ. Dev. Corp.*, 162 N.E.3d 1111, 1118 (Ind. Ct. App. 2020) (interpreting a statute, we are mindful of what it does say and what it does not say). Therefore, the small claims court erred when it declined to calculate post-judgment interest on the attorney's fees. *See Olcott Int'l & Co., Inc. v. Micro Data Base Sys., Inc.*, 793 N.E.2d 1063, 1079 (Ind. Ct. App. 2003) (successful litigants entitled to post-judgment interest on attorney's fees and other costs awarded pursuant to Ind. Code § 24-4.6-1-101), *trans. denied.*

## Conclusion

We reverse the small claims court's denial of interest on attorney's fees and remand for the court to calculate the post-judgment interest due on the attorney's fees and enter a new judgment and garnishment order.

Reversed and remanded.

Mathias, J., and Bradford, J., concur.